UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TINA KENDEL, | ) | CASE NO.  5:10-cv-1111 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| LOCAL 17-A UNITED WORKERS AND | ) | |
| COMMERICAL WORKERS, *et al*., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on a motion by Defendant Local 17-A United Food and Commercial Workers *c/o President Sonya Campbell* ("Defendant") to dismiss the Complaint. (Doc. No. 12.) Plaintiff Tina Kendel ("Plaintiff") opposed the motion. (Doc No. 14.) This matter is ripe for determination.

**I. Background**

Plaintiff filed the Complaint on May 17, 2010, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and alleging state retaliation and defamation claims. (Doc. No. 1.) Plaintiff requested a right-to-sue letter from the Ohio Civil Rights Commission ("OCRC") on March 26, 2010. (*See id* at ¶ 6; Ex. 1.) As of the date of her opposition, Plaintiff had not received a right-to-sue letter from the OCRC. Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff must receive a right-to-sue letter before pursuing her Title VII claims in federal district court. For the reasons set forth below, Defendant's motion is **GRANTED**.

**II. Legal Standard**

In deciding a motion to dismiss under Rule 12(b)(6), the Court must take all well-plead allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

**III. Law and Analysis**

42 U.S.C. § 2000e-5 establishes the procedures related to filing an employment discrimination claim, alleging a Title VII violation, with the Equal Employment Opportunity Commission ("EEOC"). When a discrimination claim is filed, the EEOC investigates to determine whether there is "reasonable cause to believe that the charge is true." 42 U.S.C. § 2000e-5(b). If the EEOC determines a reasonable basis exists but decides not to file its own civil action, it will issue a right-to-sue letter to the claimant. 29 C.F.R. § 1601.28(b). If no action is taken by the EEOC, a claimant may request a-right-to-sue letter from the EEOC, six months after filing his or her claim with the EEOC. 29 C.F.R. § 1601.28(a).

"Receipt of a right-to-sue letter from the EEOC is a condition precedent to filing a Title VII action" in federal district court. *Dixon v. Ohio Dep't of Rehab. & Corr.*, 181 F.3d 100, 1999 WL 282689, at *1 (6th Cir. Apr. 28, 1999). Failure to obtain a right-to-sue letter merits dismissal without prejudice. *See id.* at *1; *Rivers v. Barberton Bd. of Educ.*, 143 F.3d. 1029,

2

1031 (6th Cir. 1998); *A've v. Dep't of Corr.*, No.99-CV-75305, 2000 WL 1481031, at *2 (Sept. 28, 2000). The Sixth Circuit has held that because the requirement is not jurisdictional, plaintiff may cure this defect after filing the complaint by informing the court that she has obtained a right-to-sue letter, but plaintiff must do so before defendant moves for dismissal. *Portis v. State of Ohio*, 141 F.3d 632, 634 (6th Cir. 1998). In other words, the proper time for a defendant to move to dismiss based on plaintiff's failure to obtain a right-to-sue letter is "between the filing of the lawsuit and [plaintiff's] receipt of the letter." *Id.* at 635; *see also Gambill v. Duke Energy Corp.*, No. 1:06-CV-00742, 2007 WL 2902939, at *3 (S.D. Ohio Oct. 2, 2007) (same).

Here, plaintiff admits that she has requested a right-to-sue letter from the OCRC, but has not yet received it. (*See* Doc. 1 at 6; Doc. 14 at 3). Pursuant to 29 C.F.R. § 1626.10, the EEOC has entered into a work-share agreement with the OCRC, allowing it to receive and resolve charges of discrimination on behalf of the EEOC. Thus, when plaintiff receives a right-to-sue letter from the OCRC, she will satisfy the condition precedent. *See Johnson v. Cleveland City School Dist.*, 344 Fed. Appx. 104, 109 n.6 (6th Cir.2009). Insomuch as Plaintiff admits that she has not yet received a letter from the OCRC, Defendant has timely moved to dismiss based on Plaintiff's failure to obtain such a letter, dismissal is appropriate.

### III. Conclusion

For the foregoing reasons, Defendant's motion (Doc. No. 12) is **GRANTED**. The case is **DISMISSED without prejudice**.

**IT IS SO ORDERED**.

Dated: October 6, 2010

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**